18   443
64 · 574

IN THE MATTER OF ARTHUR McGOLDRICK, APPELLANT, *v.* THE EXECUTOR OF JAMES W. WILSON, DECEASED, RESPONDENT.

*Memoranda made on a slate, and then transferred to an account book — admissibility in evidence of the account book.*

APPEAL by the plaintiff, the claimant, from an order made at Special Term, confirming the report of the referee, appointed under the provisions of the Revised Statutes as to claims rejected by executors, to hear the above matter.

The action was brought to recover payment of a sum alleged to have been due from James W. Wilson, in his lifetime, for horse shoeing.

The court at General Term was of opinion that the plaintiff's books, offered in evidence before the referee, had been erroneously excluded, and in reference to such exclusion of them said:

"The entries were, generally, first made upon a slate, at the time, by the persons who did the work, and on the same day or the following day were transferred from the slate to a day-book, and finally entered upon a ledger. Most of the entries are shown to have been made by McGoldrick, as he performed much the greater share of the work. Several witnesses were examined, who were employed by McGoldrick in the business, and testified in regard to the manner the accounts were kept. McGoldrick testified as follows, which does not appear to have been objected to.

"Q. State the way in which these accounts got in those books?

"A. The work was done in the day, and at night it was entered on the slate, and taken off the slate, put on the day-book, every day generally, and every two or three days, or sometimes once a week, transferred into the ledger; it was put on the slate and

transferred into the day-book every day generally; I was acquainted with this mode of doing the business; the prices were put in when the account was transferred to the ledger and fixed by me; that was the conclusion of the entries; nothing more was done after that."

We discover nothing in the case which should create suspicion in regard to the honesty or accuracy with which the accounts were kept. We are convinced that the books of account should have been received as evidence by the referee, and considered by him in connection with the other testimony in the case. One prerequisite was wanting to constitute them sufficient evidence to establish the account independent of the other proofs, viz.: the failure by McGoldrick to show that other persons had had dealings with him, and settled their accounts from the books and found them correct. They were, nevertheless, competent evidence, as original entries or memoranda, having been made at, or about the time, the work was performed, and by parties who did the work, and by whom the accuracy of such entries upon the books is satisfactorily established. It was the province of the referee to determine the value of the books as evidence when once received, but he rejected them absolutely, whereby, in our judgment, error was committed prejudicial to the case of McGoldrick. The courts of this State, by their decisions, have extended the doctrine very far in favor of the reception of this class of evidence, and suffi. ciently so to have justified the admission of the books of account as evidence, in conjunction with the other proofs in the case. (*Krom* v. *Levy*, 1 Hun, 171; *Filkins* v. *Baker*, 6 Lans., 516; *Merrill* v. *I. and Owego R. R.*, 16 Wend., 599; *Guy* v. *Mead*, 22 N. Y., 462; *Marcly* v. *Shults*, 29 id., 346, 351.) The order should be reversed and a new trial ordered before another referee, with costs to abide the event of the action or proceeding."

*John M. Martin*, for the appellant. *Chas. Matthews*, for the respondent.

Opinion by INGALLS, J.; DANIELS, J., concurred; BRADY, P. J., dissented.

Order reversed, and new trial ordered before another referee, costs to abide event.